Michael Allen Day, a Minor, James Robert Day, a Minor, and William Gerald Day, Individually and as Father and Next Friend, Plaintiffs-Appellants, v. Dr. Fred C. McDavid, G. Elwood Wheeler, O. Wendell Walden, Vernon D. Ogren, Wendell W. Augspurger, William R. Barnard, Eleanor D. Branom, James Mack, Eugene R. Salch, Dr. John Vander Waal, Each Individually and as the Board of Education of Bloomington Public Schools, District No. 87, McLean County, Illinois, a Municipal Corporation, Defendants-Appellees.

Gen. No. 11,209.

Fourth District.

January 15, 1970.

Thomson, Thomson & Mirza, of Bloomington (Jerome Mirza, of counsel), for appellants.

Pratt, Larkin & Williams, of Bloomington (John T. Pratt and H. Paxton Bowers, Jr., of counsel), for appellees.

CRAVEN, P. J., delivered the opinion of the court.
It is not one of the emoluments of judicial office that the temporary occupants thereof can pick and choose the

type, quality or quantity of cases in litigation. The subject matter of much present-day litigation seeking to vindicate personal rights, promote class action, and to correct asserted environmental evil seems to be limited only by the boundless ingenuity of able lawyers to professionally assert the rights of their clients.

Anyone who holds the erroneous impression that the law is static need only examine any trial or reviewing court docket to be dissuaded of that view.

The heavy flow of social issues into the court machinery for resolution may have bypassed expertise at resolution but, as we noted, the courts are not, nor should they be, free to pick and choose the issues submitted for decision.

This case involves the denial of a temporary injunction against the defendants, members and administrators of School District No. 87 in McLean County, Illinois, who, we are told in a verified but unanswered complaint, expelled James Robert Day and William Gerald Day from Bloomington High School for failure to comply with the dress code of the school. The "dress code" as adopted and/or enforced by the defendants is alleged to provide that "Hair styles must not be extreme for boys or girls."

The complaint in this case alleged the "dress code" to be invalid by reason of the lack of authority of the School Board to promulgate such a code, and even if such authority exists its exercise by this code is asserted to be so vague, indefinite and confusing as to be the promulgation of an unascertainable rule. Further, such a rule is alleged to be in violation of the right of the plaintiffs to a free public education under Art VIII of the Constitution of the State of Illinois. If the right to a free public education is made to be conditioned upon compliance with such a "dress code," then it is asserted that there is a violation of the First and Fourteenth Amendments to the United States Constitution.

Initially, it would appear that this case would be an appropriate vehicle in which to expound on the validity of "dress codes" and the propriety of regulation as to hair style—and we would thus be afforded the opportunity to judicially determine what hair style is currently sufficiently acceptable to permit attendance at school and what hair style is currently so socially unacceptable as to require expulsion, or at least permit of expulsion, by administrative action.

To the extent that the alleged "dress code" infringes upon the freedom of expression, this case would appear to afford an opportunity to expound upon the nature and scope of permissible expression. Thus, we might make judicial pronouncements on a whole range of issues.

██ The assertion of personal rights in the area here involved is, of course, always important to the litigants. The importance and the severity of the case is measured subjectively as to the litigants. De minimis non curat lex, often a useful legal maxim, has no application where, as here, personal but nonetheless substantial constitutional rights are asserted. Clearly, it is of substantial importance to the minor plaintiffs in that they suffer a denial of access to the public-school system. This, patently, is a severe consequence. Likewise, as to the defendants, the maintenance of discipline and an environment that makes education for all a likely possibility is equally important. Surely the rights of the respective parties need not be mutually exclusive.

██ Upon filing of the verified complaint the plaintiffs sought, and the trial court denied, a temporary injunction. Such a temporary order would have reinstated the plaintiffs in school prior to an answer by the defendants or prior to a hearing. A trial court is clothed with wide discretion with reference to the issuance of a temporary injunction when the effect of such temporary injunction would mandate action by pub-

lic officials contrary to the action which they have taken. Upon denial of such an order by the trial court we can reverse only upon a finding of abuse of discretion. We find no such abuse of discretion upon this record which consists solely of the verified but unanswered complaint. Thus, in accordance with the order issued by this court immediately following oral argument, the action of the trial court in denying the temporary injunction is affirmed and this cause is remanded to that court for further proceedings.

Many of the cases referred to by counsel, both as to the merits of the controversy and as to procedure, are cited and discussed in Breen v. Kahl, 38 USL Week 2332 (Dec. 3, 1969). In Breen the Circuit Court of Appeals for the Seventh Circuit concluded that the right to wear one's hair at any length or in any desired style is an ingredient of personal freedom protected by the United States Constitution. "To limit or curtail this or any other fundamental right, the state has a 'substantial burden of justification.' (Citing cases.) . . . ." One judge of the Seventh Circuit Court of Appeals dissented.

The decision in Breen followed a trial in the United States District Court. Here there has been no trial, no evidence taken, and the pleadings are in fact inadequate to place the issue clearly in focus. Thus any expression by this court in the absence of such matters being of record would be improper. The order of the Circuit Court of McLean County denying the temporary injunction is affirmed and this cause is remanded to that court for further proceedings.

Order affirmed and cause remanded with directions.

SMITH, J., concurs.

TRAPP, J., concurs in result.